UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEITH LAMONT NETTLES,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

Case No. 1:25-cv-617

Hon. Hala Y. Jarbou


**OPINION**

Petitioner Keith Lamont Nettles pled guilty to possession with the intent to distribute controlled substances and was sentenced to 274 months in prison.  (*See* Judgment, *United States v. Nettles*, No. 1:21-cr-29 (W.D. Mich. Sept. 16, 2022), ECF No. 100.)  Now pending before the Court is Nettles' pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1).  The Court finds an evidentiary hearing unnecessary because no relevant facts are in dispute.  *See Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001).  For the reasons explained below, the Court will deny Nettles's petition.

**I. BACKGROUND**

On February 9, 2021, the United States filed a two-count indictment against Nettles for (1) possession with intent to distribute fentanyl, cocaine, cocaine base, and methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and (2) possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  (Indictment, No. 1:21-cr-29, ECF No. 1.)  Nettles was arrested on February 19, 2021, and made an initial appearance before Magistrate Judge Phillip J. Green, after which he was remanded to the custody of the U.S. Marshals Service.  (Am. PSR 1, No. 1:21-cr-29, ECF No. 85.)  Assistant Federal Public Defender Joanna Kloet was appointed to represent Nettles later

that day.  Nettles subsequently retained Mark Linton as counsel in lieu of Kloet, and Nettles was represented by Linton at his arraignment on February 24, 2021, where he pled not guilty. (Arraignment, No. 1:21-cr-29, ECF No. 12.)  Linton requested additional time before the detention hearing, which was granted.  (*Id.*)

On March 2, 2021, the Court held the detention hearing and ordered Nettles detained pending trial.  (Detention Order, No. 1:21-cr-29, ECF No. 18.)  However, for medical reasons the Court later granted bond on March 30, 2021, requiring Nettles to stay at a halfway house in Battle Creek, Michigan.  (Bond Order, No. 1:21-cr-29, ECF No. 24.)  Linton subsequently withdrew from the case and was replaced by appointed CJA panel attorney Deno Fotieo.  Nettles signed a plea agreement with the United States and pled guilty on May 20, 2021, to Count I of the indictment. (Plea Agreement, No. 1:21-cr-29, ECF No. 42; Plea, No. 1:21-cr-29, ECF No. 44.)

On June 29, 2021, Nettles absconded from the halfway house, and the Court issued a warrant for his arrest.  (Am. PSR ¶ 11.)  He was arrested by South Carolina police on September 7, 2021, on state charges of drug trafficking, firearm possession, and identity fraud.  (*Id.* ¶ 12.) Nettles was subsequently federally indicted for escaping from the halfway house, but that case was dismissed in exchange for Nettles's agreement not to contest a sentencing enhancement for obstruction of justice in this case.  (Sentencing 23, No. 1:21-cr-29, ECF No. 97.)

Fotieo later withdrew as Nettles's attorney and was replaced by Matthew Borgula on January 10, 2022.  Sentencing occurred on September 14, 2022.  Nettles was scored as a career offender under U.S.S.G. §4B1.1 because he had prior Michigan convictions for cocaine and marijuana delivery that qualified as controlled substance offenses.  Nettles objected, among other things, that the career offender enhancement was inapplicable because Michigan defines marijuana

and cocaine more broadly than federal law. (Sentencing Memorandum 3–12, No. 1:21-cr-29, ECF No. 88.) The Court overruled the objection and sentenced Nettles to 274 months in prison.

Nettles appealed his sentence on September 16, 2022. Borgula subsequently withdrew from the case and Christopher Pagan was appointed to represent Nettles. On March 5, 2024, the Sixth Circuit held that the district court had properly applied the career offender enhancement because the enhancement may be premised on a state controlled substance offense that sweeps broader than federal law. *United States v. Nettles*, No. 22-1838, 2024 U.S. App. LEXIS 5315, at *3 (6th Cir. Mar. 5, 2024). Nettles did not petition the Supreme Court for a writ of certiorari, and his conviction became final on June 5, 2024. He filed this petition for a writ of habeas corpus on June 4, 2025.

## II. LEGAL STANDARD

A prisoner may obtain vacatur of his sentence under 28 U.S.C. § 2255 if he can demonstrate that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, "Section 2255 does not provide relief for just any alleged error." *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)).

3

### III. ANALYSIS

Nettles asserts four grounds for vacating his sentence: (1) he did not have counsel at his initial appearance, (2) two of his attorneys had conflicts of interest, (3) he received ineffective assistance of counsel during sentencing, and (4) he received ineffective assistance of counsel on appeal.[1]  As explained below, all four grounds are meritless.

#### A. Lack of Counsel at Initial Appearance

First, Nettles argues that he was not provided counsel during his initial appearance, in violation of the Sixth Amendment.  "The Sixth Amendment guarantees a right to counsel at critical stages of a criminal proceeding."  *Kennedy v. United States*, 756 F.3d 492, 493 (6th Cir. 2014).  "It is settled that a complete absence of counsel at a critical stage of a criminal proceeding is a *per se* Sixth Amendment violation warranting reversal of a conviction, a sentence, or both, as applicable, without analysis for prejudice or harmless error."  *Van v. Jones*, 475 F.3d 292, 311–12 (6th Cir. 2007).  Nettles argues that his initial appearance was such a critical stage.

The Court disagrees.  It is true that the right to counsel attaches "at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty."  *Rothgery v. Gillespie County*, 554 U.S. 191, 194 (2008).  But that does not mean the initial appearance "itself is a critical stage requiring the presence of counsel."  *Id.* at 212 (cleaned up).  *Rothgery* held only that "counsel must be appointed within a reasonable time after attachment to allow for adequate representation at any critical stage before trial."  *Id.*  And the Court is not persuaded that the initial appearance is a critical stage.

---

[1] In his habeas petition, Nettles also argues that the Court should hold this case in abeyance while he challenges the validity of his predicate offenses in state court.  However, in his reply (ECF No. 14), Nettles concedes that this request for relief should be dismissed without prejudice.

A "critical stage" is one where there is "a reasonable probability that [the defendant]'s case could suffer significant consequences from his total denial of counsel at the stage." *Van*, 475 F.3d at 313. Nettles does not point to any consequences that he may have suffered due to a lack of counsel at the initial appearance. He did not make any binding decisions during the appearance or waive any future legal arguments. *Cf. id.* at 311 (preliminary hearing was not critical stage because "[t]he defendant didn't enter any plea or make a statement, and he didn't waive or lose a right or defense"). Accordingly, the Court finds that Nettles's "initial appearance bears none of the markings of a critical stage." *United States v. Portillo*, 969 F.3d 144, 161 (5th Cir. 2020); *accord United States v. Mendoza-Cecelia*, 963 F.2d 1467, 1473 (11th Cir. 1992). Nettles argues that arraignment is a critical stage in some jurisdictions, *see Hamilton v. Alabama*, 368 U.S. 52 (1961), but an initial appearance is different from an arraignment, and Nettles *did* have counsel at his arraignment. Thus, Nettles's Sixth Amendment rights were not violated. *See Van*, 475 F.3d at 315–16.

In addition, even if Nettles's Sixth Amendment rights were violated when he was deprived of counsel at the initial appearance, any objection to that violation would have been waived by his subsequent guilty plea. *See Rose v. Warden Chillicothe Corr. Inst.*, No. 18-3997, 2019 WL 5260158, at *3 (6th Cir. July 17, 2019) ("Claims of pre-plea ineffective assistance not relating to the acceptance of the plea are waived under the rule announced in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).").

### B. Conflicts of Interest

Nettles next argues that two of his attorneys had conflicts of interest that prevented them from providing adequate representation. Because "[n]either counsel nor anyone else objected" to the purported conflict of interest at the time, Nettles can only establish a Sixth Amendment

5

violation by showing that "a conflict of interest actually affected the adequacy of his representation." *Mickens v. Taylor*, 535 U.S. 162, 168 (2002).  Nettles has not done so.

Nettles provides no basis for concluding that Fotieo had a conflict—he merely suggests that the two disagreed on strategy, which is not a conflict of interest.  *United States v. Lemke*, No. 22-156, 2023 WL 192493, at *2 (2d Cir. Jan. 17, 2023).  As to Borgula, Nettles argues that he had a conflict because his spouse, Jennifer McManus, worked for the U.S. Attorney's Office during Borgula's representation of Nettles.  But "[a] familial relationship between a defense attorney and a prosecutor ordinarily does not constitute an actual conflict of interest."  *Withers v. United States*, No. 2:07-cr-20339, 2015 WL 1401517, at *12 (W.D. Tenn. Mar. 26, 2015).  Moreover, there is no evidence that McManus had any role in Nettles's prosecution; indeed, the United States represents that McManus was screened out of any cases involving Borgula's law firm.  (Gov't's Br. 24, ECF No. 10.)  Thus, Nettles has not established a Sixth Amendment violation based on a conflict of interest.

### C. Ineffective Assistance of Counsel at Sentencing

Next, Nettles argues that he received ineffective assistance of counsel at sentencing, in violation of the Sixth Amendment.  To succeed on an ineffective assistance of counsel claim, Nettles must "show[] that his counsel's performance was deficient, and that this deficiency prejudiced the defense."  *Hale v. Cool*, 122 F.4th 637, 646 (6th Cir. 2024).  Nettles argues that his attorney was ineffective because he (1) failed to object to the application of the career offender enhancement under U.S.S.G. § 4B1.1, (2) failed to object to the statutory sentencing enhancement based on a prior felony drug offense under 21 U.S.C. § 841(b)(1)(C), (3) failed to incorporate Nettles's pro se sentencing memo in his filings with the Court, and (4) failed to request that Nettles's federal and state sentences be served concurrently.  The Court will address each contention in turn.

### 1. Career Offender Enhancement

First, Nettles argues that his counsel failed to object to his being scored as a career offender

under U.S.S.G. § 4B1.1.  The career offender enhancement applies if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  Nettles had Michigan convictions for delivery of cocaine in 1998,

delivery/manufacture of cocaine, heroin, or another narcotic in 2010, and delivery/manufacture of

marijuana in 2016.  (Am. PSR ¶¶ 42, 44, 47.)  The PSR categorized all three as "controlled

substance offenses" under § 4B1.1.  In his sentencing memorandum, Nettles argued that the

Michigan convictions were not "controlled substance offenses" because that phrase refers only to

substances controlled by federal (not state) law, and Michigan defines "cocaine" and "marijuana"

more broadly than federal law.  The Court overruled the objection and the Sixth Circuit affirmed,

holding that "[a] state controlled-substance offense may qualify under § 4B1.2(b)(1) regardless of

whether the underlying state statute criminalizes a substance that is not criminalized by, or is

defined differently by, federal law."  *Nettles*, 2024 U.S. App. LEXIS 5315, at *3–4 (citing *United

States v. Jones*, 81 F.4th 591, 599 (6th Cir. 2023)).  The Court sees no basis to stray from that

holding here.

Nettles also argues that his attorney failed to object to the Court's reliance on non-*Shepard*

documents to determine that his Michigan convictions were controlled substance offenses.  When

the state statute under which a defendant was convicted is "divisible" into multiple separate

offenses, the Court may use so-called *Shepard* documents to determine which of those offenses

the defendant was actually convicted of.  *See Descamps v. United States*, 570 U.S. 254, 262–64

(2013).  These documents include "the indictment, jury instructions, or [the] plea agreement and

colloquy." *Mathis v. United States*, 579 U.S. 500, 505 (2016).  Before Nettles's sentencing, the United States submitting the charging documents for his 1998 and 2016 offenses.  (1998 Conviction Docs., No. 1:21-cr-29, ECF No. 92-1; 2016 Conviction Docs., No. 1:21-cr-29, ECF No. 92-2.)  Although the Government was unable to obtain the charging documents for the 2010 offense, two prior convictions are sufficient to apply the career offender enhancement.

Nettles contends that the charging documents for the 1998 and 2016 offenses are insufficient to establish that he was actually convicted for a controlled substance offense rather than, for example, a lesser included offense.  But the judgments in those cases establish that Nettles was convicted of delivery of cocaine in 1998 (1998 Conviction Docs., PageID.911) and delivery or manufacture of marijuana in 2016 (2016 Conviction Docs., PageID.925).  Thus, Nettles's argument is meritless.

### 2. Prior Felony Drug Offense Enhancement

Next, Nettles argues that his counsel was ineffective for failing to object to the application of 21 U.S.C. § 841(b)(1)(C), which increases the maximum sentence when the defendant has a "prior conviction for a felony drug offense."  A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).  Nettles again argues that his prior convictions do not trigger this enhancement because Michigan defines cocaine and marijuana more broadly than federal law.

Like his prior objection, this objection fails because 21 U.S.C. § 841(b)(1)(C) does not require that a prior state crime be identical to an analogous federal crime to qualify as a felony drug offense.  *See United States v. Soto*, 8 F. App'x 535, 541 (6th Cir. 2001).  As the Sixth Circuit has explained,

> To qualify as a "felony drug offense" under § 841, no detailed comparison of elements is required. Rather, the enhancement is appropriate if the prior state or federal offense (1) is punishable by more than one year in prison, and (2) it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

*Meeks v. Kizziah,* No. 20-5420, 2020 WL 9396243, at *2 (6th Cir. Dec. 15, 2020) (emphasis omitted).  Nettles's conviction for marijuana delivery plainly fits within § 841, which explicitly refers to marijuana.  And cocaine is a narcotic drug.  21 U.S.C. § 802(17)(D) (defining "narcotic drug" to include cocaine).  Thus, Nettles's 1998 and 2016 convictions both support the application of the § 841(b)(1)(C) enhancement.

Nettles also argues that the United States failed to properly notify him of its intent to rely on prior convictions during sentencing, as required by 21 U.S.C. § 851.  That statute provides that "before trial, or before entry of a plea of guilty, the United States attorney [must] file[] an information with the court (and serve[] a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon" at sentencing.  21 U.S.C. § 851(a)(1).  Here, on February 9, 2021—the same day the indictment was filed, and long before Nettles's guilty plea—the United States filed an Information and Notice of Prior Felony Drug Convictions, which refers to the 1998, 2010, and 2016 convictions, among others.  (Information and Notice, No. 1:21-cr-29, ECF No. 5.)  Thus, Nettles's contention that the United States failed to comply with § 851's notice requirement is meritless.

### 3. Pro Se Sentencing Memorandum

Nettles also contends that prior to his sentencing he wrote a sentencing memorandum and "extensively discussed" it with his counsel, who "assured Mr. Nettles that it would be included within his Final Sentencing Memorandum," though ultimately it was left out.  (2255 Pet. 17, ECF No. 1.)  Nettles does not identify what issues he would have raised in the pro se memorandum that would have affected the outcome of his case.  Thus, he has failed to establish that his attorney's

9

omission of these arguments in the sentencing memorandum constituted ineffective assistance or caused him prejudice.

### 4. Concurrent Sentences

Finally, Nettles argues that his counsel was ineffective for failing to request that his federal sentence be served concurrently with the sentence for his South Carolina drug offenses. Nettles was convicted in South Carolina for trafficking cocaine, an offense that took place after he fled the Michigan halfway house while on bond in this case. (S.C. Sentencing Docs., ECF No. 14-2.) Nettles argues that the South Carolina sentence and the sentence in this case should run concurrently under U.S.S.G. § 5G1.3, which provides that a federal sentence should run concurrently with "a term of imprisonment [that] resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3." U.S.S.G. § 5G1.3(b).

Nettles's escape to South Carolina led to an enhancement for obstructing or impeding the administration of justice under U.S.S.G. § 3C1.1. He argues that because his actions in South Carolina were relevant conduct for purposes of the § 3C1.1 enhancement, his federal sentence should run concurrently with his state sentence. But the obstruction enhancement and the South Carolina conviction were premised on two different acts: The enhancement was based on Nettles's absconding from the halfway house, whereas the conviction was based on Nettles's trafficking of drugs after absconding. Thus, while fleeing Michigan was relevant conduct under § 3C1.1, the drug trafficking was not relevant conduct. Because the two sentences were not based on the same conduct, there is no reason for them to run concurrently. Moreover, the Court is not required to follow § 5G1.3 in determining whether to impose a concurrent or consecutive sentence. *See United States v. Gomez*, 129 F.4th 954, 963 (6th Cir. 2025). Thus, Nettles has not established ineffective assistance of counsel on this basis.

### D. Ineffective Assistance of Counsel on Appeal

Lastly, Nettles argues that he received ineffective assistance of counsel on appeal.  First, he contends that his appellate counsel failed to raise some of the arguments discussed above on appeal.  But since the Court finds those arguments meritless, Nettles's counsel was not ineffective for failing to raise them.

Second, Nettles argues that his attorney did not advise him about his ability to file a petition for a writ of certiorari with the Supreme Court after the Sixth Circuit affirmed his sentence.  But "the Constitution does not entitle a criminal defendant to the assistance of counsel for the filing of a petition for certiorari." *Nichols v. United States*, 563 F.3d 240, 249–50 (6th Cir. 2009) (en banc).  Thus, "counsel's performance at this stage cannot be constitutionally ineffective."  *Harper v. United States*, 792 F. App'x 385, 391 (6th Cir. 2019); *see also Pena v. United States*, 534 F.3d 92, 95 (2d Cir. 2008) (counsel's failure to inform client about ability to file petition for certiorari is not ineffective assistance); *Miller v. Keeney*, 882 F.2d 1428, 1430–33 (9th Cir. 1989) (counsel's bad advice to not file petition for certiorari is not ineffective assistance); *Buffin v. United States*, No. 1:09-cv-146, 2010 WL 2802477, at *4 (W.D. Mich. July 15, 2010) (counsel's failure to encourage defendant to file petition for certiorari is not ineffective assistance).  *But see United States v. King*, 11 F. App'x 219, 221 (4th Cir. 2001) (failure to inform client of ability to seek writ of certiorari constitutes ineffective assistance).

Moreover, because Nettles has not shown that he would have raised a meritorious claim on appeal, he cannot show that the failure to inform him about his right to file a petition for certiorari caused him any prejudice.  Accordingly, Nettles has not established a claim for ineffective assistance of appellate counsel.

11

## IV. CONCLUSION

For the reasons explained above, the Court will deny Nettles's petition for habeas relief.

A judgment will enter in accordance with this Opinion.


Dated: July 8, 2026                          /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE