UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH LAMONT NETTLES,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

______________________________/

Case No. 1:25-cv-617

Hon. Hala Y. Jarbou

**ORDER**

Petitioner has filed a notice of appeal from a decision by this Court denying habeas relief. Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

Because Petitioner does not clarify which issues he is appealing, the Court assumes he plans to appeal the entire decision. *See Daoud v. Davis*, No. 2:06-cv-13310, 2008 WL 3318742, at *1 (E.D. Mich. Aug. 7, 2008). The Court finds that a certificate of appealability is warranted regarding a single issue: whether defense counsel's alleged failure to inform Petitioner about the possibility of filing a petition for certiorari to the United States Supreme Court constitutes ineffective assistance. The Court answered this question in the negative because "the Constitution does not entitle a criminal defendant to the assistance of counsel for the filing of a petition for certiorari." *Nichols v. United States*, 563 F.3d 240, 249–50 (6th Cir. 2009) (en banc); *see also Pena v. United States*, 534 F.3d 92, 95 (2d Cir. 2008) (counsel's failure to inform client about ability to file petition for certiorari is not ineffective assistance); *Duvercy v. United States*, No. 25-10063, 2026 WL 2546582, at *2 (11th Cir. Aug. 28, 2026) (same); *Miller v. Keeney*, 882 F.2d 1428, 1430–33 (9th Cir. 1989) (counsel's bad advice to not file petition for certiorari is not ineffective assistance); *Buffin v. United States*, No. 1:09-cv-146, 2010 WL 2802477, at *4 (W.D. Mich. July 15, 2010) (counsel's failure to encourage defendant to file petition for certiorari is not ineffective assistance).

However, reasonable minds could disagree about this holding. At least one circuit has held that a defense attorney's failure to advise a client "of the opportunity to seek a writ of certiorari" constitutes ineffective assistance of counsel "under both prongs of *Strickland v. Washington.*" *United States v. King*, 11 F. App'x 219, 221 (4th Cir. 2001); *see also United States v. Sadler*, 452

F. App'x 261, 262 (4th Cir. 2011).[1] The Sixth Circuit has also suggested that an attorney's constitutional obligations do not end the moment an appeal as of right has finished. *See Smith v. State of Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 433 (6th Cir. 2006) ("The Constitution requires 'that counsel make objectively reasonable choices,' and must do so not only *during* the legal proceeding for which the counsel represents the client, but *also* after the judicial proceeding has concluded in determining whether an appeal should be filed." (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000)); *see also Paris v. Turner*, No. 97-4129, 1999 WL 357815, at *2–3 (6th Cir. May 26, 1999) (holding that a defendant did not "truly ha[ve] his first appeal as of right" because after that first appeal, his attorney "gave him no guidance on how to further appeal"). *But see Williams v. Hurley*, No. 2:05-cv-985, 2006 WL 1804550, at *3 (S.D. Ohio June 28, 2006) (suggesting that *Paris* was based on the since-discredited assumption that a subsequent appeal was also as of right under Ohio law).

In *Gunner v. Welch*, 749 F.3d 511, 519 (6th Cir. 2014), the Sixth Circuit held that appellate counsel was ineffective for failing to inform a defendant about the deadline to file a collateral attack on his conviction. The court first found that the constitutional right to counsel extended to that collateral proceeding under *Martinez v. Ryan*, 566 U.S. 1 (2012). *Gunner*, 749 F.3d at 519. But it went on to note that there would not "have been any merit to the argument even before the holding in *Martinez*." *Id.* It explained:

> While a defendant may not be able to complain of the failure of counsel to file an application for relief to which the Constitution did not entitle him, that is an altogether different question from whether a defendant can complain about the

[1] The *King* court apparently viewed the failure to inform a defendant of their right to file a petition for certiorari as prejudicial per se. Even if a defendant is required to show that their petition for certiorari would have had merit, arguably Petitioner can do so because the Sixth Circuit's holding on appeal—that the term "controlled substance offense" in U.S.S.G. § 4B1.2(b) includes state offenses that criminalize substances not controlled under federal law—is on one side of a circuit split. *See United States v. Jones*, 81 F.4th 591, 599 n. 5 (6th Cir. 2023) (collecting cases).

> failure of counsel to advise him of relief that may be available to him or of the necessity to proceed expeditiously if he wishes to obtain such relief.

*Id.* (internal citation omitted). Thus, *Gunner* suggests that counsel may be ineffective for failing to inform a defendant about subsequent avenues to challenge a conviction, even if the defendant lacks a right to counsel at those subsequent proceedings. On the other hand, in *McClain v. Kelly*, 631 F. App'x 422, 436 (6th Cir. 2015), the Sixth Circuit cast doubt on this reading of *Gunner* and noted that it appears to conflict with *Tolliver v. Sheets*, 594 F.3d 900, 929 (6th Cir. 2010), in which the court held that counsel's failure to "tell [the defendant] in time about the possibility of filing a" motion collaterally attacking his conviction could not constitute ineffective assistance because the defendant had no right to representation on that collateral attack.

Because these cases create some doubt as to whether Petitioner has a viable claim for ineffective assistance of appellate counsel, the Court will grant a certificate of appealability as to that issue only.

Accordingly,

**IT IS ORDERED** that a certificate of appealability is **GRANTED** as set forth above.

Dated: September 18, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE